# United States Court of Appeals
# for the Fifth Circuit

No. 21-51207
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 23, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Wayne Edward Williams, II,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:21-CR-781-1
_____

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:*

Wayne Edward Williams, II, pleaded guilty to importation of 50 grams or more of methamphetamine. *See* 21 U.S.C. §§ 952(a), 960(a)(1) & (b)(1)(H). The district court sentenced him to 51 months of imprisonment and five years of supervised release.

_____

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-51207

In his sole issue on appeal, Williams contends that the district court erred because it stated at sentencing that he was convicted of importation of 50 *kilo*grams, instead of *grams*, or more of methamphetamine and because the written judgment likewise improperly reflects that his offense involved at least 50 kilograms of methamphetamine. He argues that this was plain error and asks us to remand the case for the district court to correct the judgment. The Government concedes error and contends that the case should be remanded for the district to correct the mistake in the judgment pursuant to Federal Rule of Criminal Procedure 36.

Under Rule 36, the district court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Rule 36 applies "[w]here the record makes it clear that an issue was actually litigated and decided but was incorrectly recorded in or inadvertently omitted from the judgment." *United States v. Cooper*, 979 F.3d 1084, 1089 (5th Cir. 2020) (internal quotation marks and citation omitted), *cert. denied*, 141 S. Ct. 1715 (2021).

The parties are correct that the judgment lists the proper statutes of conviction but states an erroneous drug quantity. The record demonstrates that the error in the judgment was an inadvertent mistake that does not reflect the intent of the district court or the parties. *See Cooper*, 979 F.3d at 1089. Thus, it is subject to correction under Rule 36. Accordingly, the judgment is AFFIRMED, and the case is REMANDED for the limited purpose of correcting the judgment to reflect that Williams was convicted of importation of 50 grams or more of methamphetamine. *See* Fed. R. Crim. P. 36. Further, because Williams fails to establish that the transcript of his plea hearing in the record on appeal is inaccurate, his motion to correct the record is DENIED. *See* Fed. R. App. P. 10(e).